Trenton R. Kashima (SBN 291405)
tkashima@sommerspc.com
**SOMMERS SCHWARTZ, P.C.**
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 762-2125
Facsimile:  (619) 762-2127

Kevin J. Stoops (SBN 332200)
kstoops@sommerspc.com
**SOMMERS SCHWARTZ, PC**
One Town Square, Suite 1700
Southfield, MI 48076
Telephone:  (248) 784-6613
Facsimile:   (248) 936-2143

Nick Suciu III (*Pro Hac Vice* forthcoming)
nicksuciu@bmslawyers.com
**BARBAT MANSOUR SUCIU & TOMINA PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: 313-303-3472

*Counsel for Plaintiff and
the Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENZZA BUBAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLO, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Civil Action No.:_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

# CLASS ACTION COMPLAINT

Plaintiff VINCENZZA BUBAK ("Plaintiff"), through her undersigned attorneys, bring this Class Action Complaint against Defendant GOLO, LLC ("Defendant"), individually and on behalf of all others similarly situated, and complain and allege upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## NATURE OF THE ACTION

1. This is a civil class action brought individually by Plaintiff on behalf of consumers who purchased Defendant GOLO's Release Supplement (the "Product(s)").

2. With knowledge of growing consumer demand for diet pills, Defendant has intentionally marketed and sold its illegal Products using false and misleading labeling and advertising.

3. Defendant's prominent and systematic mislabeling of the Product and its false and deceptive advertising form a pattern of unlawful and unfair business practices that harms the public and, if unstopped, could lead to substantial societal harm.

4. Plaintiff brings this suit to halt Defendant's unlawful sales and marketing of its Product and for damages they sustained as a result of the illegal sales and false and misleading marketing. Declaratory and injunctive relief is of particular importance given the likely consequences of Defendant's actions.

## PARTIES

5. Plaintiff Vincenzza Bubak is a resident and citizen of Valley Springs, California in Calaveras County, California. Plaintiff purchased Defendant's Products through their website (https://www.golo.com/) in December 2020. Plaintiff relied on claims made on Defendant's website, including claims regarding weightless and the other benefits on the Product. Plaintiff found that the product did not work as advertised, and requested a refund from Defendant. However, Plaintiff, refund was made contingent of her paying all shipping and handling costs associated with the Product.

6. Defendant GOLO, LLC is a Delaware limited liability company with its principal

place of business at 630 Churchmans Road, suite 200, Newark, Delaware 19702. Defendant markets, distributes, and retails its Release Supplement throughout California through its website, online advertisement, and television advertisements.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Product to hundreds of locations within this District and thousands of locations throughout California, where the Product is purchased by thousands of consumers every day.

8. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Classes (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(a). Plaintiff lives in and made purchases of Products in this District, substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the products, occurred within this District and the Defendant conducts business in this District.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant has marketed its Product in a consistent and uniform manner. Defendant sells the Product in all 50 states on its website and through various distributors and retailers across the United States.

### *Implied Disease Claims*

11. A dietary supplement manufacturer such as Defendant may not explicitly or implicitly claim that a dietary ingredient can, among other things, mitigate or prevent a disease or

1. class of diseases. 21 U.S.C. 343(r)(6).

12. "Insulin Resistance" is determined to be the major obstacle of people losing weight throughout Defendant's marketing of the Product.

13. "Insulin resistance is defined clinically as the inability of a known quantity of exogenous or endogenous insulin to increase glucose uptake and utilization in an individual as much as it does in a normal population."[1]

14. Insulin resistance is a cardio metabolic risk factor of Metabolic Syndrome.[2]

15. Insulin resistance is an early step in the progression towards type 2 diabetes and needs to be diagnosed clinically.[3]

16. In fact, Defendant explicitly states that Insulin Resistance causes numerous diseases, including diabetes, heart disease, and Alzheimer's:

## What is Insulin Resistance?

Insulin is a hormone that directly affects metabolism, weight gain, aging and overall health.

Your insulin's effectiveness is affected by unbalanced diets which increase glucose levels and spike insulin levels causing excess glucose to be stored as fat. Unhealthy insulin levels lead to Insulin Resistance, pre-diabetes and type 2 diabetes, and other serious health conditions including heart disease and Alzheimer's.

Insulin Resistance can also trigger stress and anxiety, cause fatigue, hunger and cravings, poor sleep quality and other symptoms — all which drive emotional decisions like overeating, bingeing and cravings for fatty or high sugar foods.

"Most people don't realize that insulin resistance or pre-diabetes can be just as bad causing heart attacks, strokes, dementia, cancer, and even impotence — decades before you get diabetes."

~ Dr. Mark Hyman

---

[1] Lebovitz, H E, *Insulin resistance: definition and consequences*. Exp. Clin Endocrinol Diabetes. 2001.
[2] Roberts, C K, et al., *Metabolic syndrome and insulin resistance: underlying causes and modification by exercise training*.
[3] Se Eun Park, et al., *Biomarkers of insulin sensitivity and insulin resistance: Past, present and future*. Crit Rev Clin Lab Sci. 2015; 52(4):180-90.

3
**CLASS ACTION COMPLAINT**

17. Defendant also explicitly states that the Product is "the Natural Solution to Insulin Resistance":



Defendant also goes as far as providing a questionnaire to "diagnose" Insulin Resistance:



18. Lastly, Defendant cites to studies in diseased populations like the obese and people with diabetes, in violation of 21 C.F.R. 101.93(g)(2)(iv)(C).[4]

19. When Defendant's claims are viewed in their totality, they are either explicitly or implicitly claiming to mitigate or prevent disease.

20. These claims are implied disease claims under 21 C.F.R. 101.93(g)(2), and therefore the Products are misbranded under 21 U.S.C. 343(r)(6) and cannot be sold within California.

*Inadequate Directions for Use*

21. Defendant's Product is also misbranded within the meaning of section 502(f)(1) of the FDCA, 21 U.S.C. 352(f)(1), in that their labeling fails to include adequate directions for use.

22. "Adequate directions for use" means directions that enable a layperson to use a drug safely and for the purposes for which it is intended. *See* 21 CFR 201.5. The Product is offered for conditions that are not amenable to self-diagnosis and treatment by individuals who are not medical practitioners; therefore, adequate directions for use cannot be written so that a layperson can use these drugs safely for their intended purposes.

23. FDA-approved prescription drugs that bear their FDA-approved labeling are exempt from the requirements that they bear adequate directions for use by a layperson. However, Defendant's Product is not exempt from the requirement that it's labeling bear adequate directions for use, 21 CFR 201.100(c)(2) and 201.115, because no FDA-approved applications are in effect for Defendant's Product.

24. The introduction or delivery for introduction into interstate commerce of these misbranded drugs violates section 301(a) of the FD&C Act, 21 U.S.C. 331(a).

---

[4] *See* https://www.golo.com/pages/golo-studies Last visited February 8, 2021.

5
**CLASS ACTION COMPLAINT**

*Defendant's "Clinically Proven" Claim is Misleading*

25. To further boost its sales and separate itself from the competition, Defendant misleadingly states that the Product is "Clinically Proven":





26. In order for a claim to be considered scientifically and clinically proven, as Defendants claim, the claim must be widely accepted in its applicable field and have overwhelming evidence supporting it. Moreover, there must be a consensus in the scientific community agreeing with the representations. Such consensus would require, at a minimum, sufficiently large, randomized, controlled, double-blind studies that have been scrutinized by peer review during the publication process and subjected to scholarly debate by diverse panels of scientific experts. Additionally, scientific consensus requires that published results be independently replicated by others using rigorous experimental design and data collection practices. If specific representations do not meet these standards, they cannot be considered to be "scientifically and clinically proven"

nor can they be considered to have reached scientific consensus.[5]

27. In fact, GOLO admits that the studies upon which they rely are only "pilot studies" commissioned by Defendant.[6]

28. None of these studies have gone through the rigorous steps of being peer reviewed, and not part of legitimate scientific publications.

29. A search for the GOLO Product in the National Institute of Health database PubMed, there are no peer reviewed studies on the Product.

30. Defendant intended for Plaintiff and the Class members to be deceived or misled.

31. Defendant's deceptive and misleading practices proximately caused harm to the Plaintiff and the Classes.

32. Plaintiff and Class members would not have purchased the Product, or would have not paid as much for the Product, had they known the truth about the mislabeled and falsely advertised Product.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action individually and as a representative of all those similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Classes:

**National Class:** All persons in the United States who purchased the Product (the "National Class") for personal use and not for resale.

**California State Subclass:** All persons in the State of California who purchased the Product (the "California Subclass") for personal use and not for resale.

Specifically excluded from these definitions are: (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel. Plaintiff reserves the right to amend the Class definition and Subclass definitions as necessary.

34. Certification of Plaintiff's claims for class-wide treatment are appropriate because

---

[5] Bauchner H, Golub RM, Fontanarosa PB. Reporting and Interpretation of Randomized Clinical Trials. *JAMA*. 2019;322(8):732-735; Kirman CR, Simon TW, Hays SM. Science Peer Review for the 21st century: Assessing Scientific Consensus for Decision-making while Managing Conflict of Interests, Reviewer and Process Bias. *Regul Toxicol Pharmacol*. 2019;103:73-85.
[6] *See* https://www.golo.com/pages/golo-studies Last visited February 8, 2021.

Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence that individual Class members would use to prove those elements in individual actions alleging the same claims.

35. <u>Numerosity</u>: The Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members is presently unknown, it likely consists of thousands of consumers. The number of Class Members can be determined by sales information and other records. Moreover, joinder of all potential Class Members is not practicable given their numbers and geographic diversity. The Class is readily identifiable from information and records in the possession of Defendant and its authorized retailers.

36. <u>Typicality</u>: The claims of the representative Plaintiff is typical in that Plaintiff, like all Class Members, purchased the Product that was manufactured, marketed, advertised, distributed, and sold by Defendant. Furthermore, the factual basis of Defendant's misconduct is common to all Class Members because Defendant has engaged in systematic fraudulent behavior that was deliberate, includes negligent misconduct, and results in the same injury to all Class Members.

37. <u>Commonality</u>: Common questions of law and fact exist as to all Members of the Class. These questions predominate over questions that may affect only individual Class Members because Defendant has acted on grounds generally applicable to the Class. Such common legal or factual questions include, *inter alia*:

    a.    Whether the Product contents are mislabeled as dietary supplements, and are being sold in violation of the FDCA;

    b.    Whether Defendant is explicitly or implicitly claiming that its Products can mitigate or prevent a disease or class of diseases in violation of the FDCA and DSHEA;

    c.    Whether Defendant's Products are misbranded because their labelling fails to include adequate directions for use;

    d.    Whether Defendant knowingly made misleading statements in connection with consumer transactions that reasonable consumers were likely to rely upon to their detriment;

    e.    Whether Defendant knew or should have known that the representations and

advertisements regarding the Product was false and misleading;

    f.    Whether Defendant has breached express and implied warranties in the sale and marketing of the Product;

    g.    Whether Defendant's conduct violates public policy;

    h.    Whether Defendant's acts and omissions violate California law;

    i.    Whether Plaintiff and the Class Members did not receive the benefit of their bargain when purchasing the Product;

    j.    Whether the Plaintiff and the Class Members suffered monetary damages, and, if so, what is the measure of those damages;

    k.    Whether Plaintiff and the Class Members are entitled to an injunction, damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the amount and nature of such relief.

38.    <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of Class Members. She has no interests antagonistic to those of Class Members. Plaintiff retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

39.    <u>Injunctive/Declaratory Relief</u>: The elements of Rule 23(b)(2) are met. Defendant will continue to commit the unlawful practices alleged herein, and Class Members will remain at an unreasonable and serious safety risk as a result of the Defect. Defendant has acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

40.    <u>Predominance and Superiority</u>: Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class

Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

41. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

42. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class appropriate.

## CAUSES OF ACTION

### COUNT I
### California's Unfair Competition Law
### Cal. Bus. & Prof. Code § 17200 et seq. ("UCL")
### (On Behalf of the California Subclass)

43. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs as though set forth fully herein.

44. Plaintiff brings this claim individually and on behalf of all members of the California Subclass against Defendant.

45. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

46. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

47. <u>Unlawful</u>: The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

    a. The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

    b. The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;

    c. The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*; as incorporated into California law in the Sherman Food, Drug, and Cosmetic Law, Cal. Health &

Safety Code §§ 110100 *et seq*.

48. <u>Unfair</u>: Defendant's conduct with respect to the labeling, advertising, and sale of the Product was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

49. Defendant's conduct with respect to the labeling, advertising, and sale of the Product was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the FDCA, and the California Sherman Food, Drug, and Cosmetic Law.

50. Defendant's conduct with respect to the labeling, advertising, and sale of the Product was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

51. <u>Fraudulent</u>: A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

52. As set forth in detail above, Defendant has fraudulently misbranded and mislabeled in violation of the FDCA; and has made false and misleading statements that are likely to mislead reasonable consumers to believe the Product has been scientifically established to be effective.

53. Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Product to unwary consumers.

54. Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Product's packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

55. Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

56. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining

Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

57. Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Product, which were unjustly acquired through acts of unlawful competition.

**COUNT II**
**California's False Advertising Law**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Subclass)**

58. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

59. Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

60. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

61. It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id.*

62. As alleged in detail above, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Product misled consumers acting reasonably as to the ingredients and effectiveness of the Product.

63. Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because they purchased the Product in reliance on Defendant's labeling claims that under the FDCA and DSHEA amount to intentional mislabeling and misbranding of the Product.

64. Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Product in a manner that is untrue and misleading, which Defendant knew or reasonably should have known,

and omitted material information from its advertising.

65. Defendant profited from its sale of the falsely and deceptively advertised Product to unwary consumers.

66. As a result, Plaintiff, the California Sub-Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

67. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the California Sub-Class, seek an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

**COUNT III**
**California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of the California Subclass)**

68. Plaintiff realleges and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

69. Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

70. Defendant is a "person" under the Legal Remedies Act, Cal. Civ. Code § 1761(c).

71. Plaintiff and Subclass members are "consumers" under the Legal Remedies Act, Cal. Civ. Code § 1761(d).

72. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

73. Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Product for personal, family, or household purposes by Plaintiff and Subclass Members, and violated and continue to violate the following sections of the CLRA:

    a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which

they do not have;

      b.    § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

      c.    § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

      d.    § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

74. Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

75. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

76. Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff has mailed Defendant a letter prior to the filing of this Class Action Complaint providing notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing Defendant with the opportunity to correct its business practices. If Defendant does not correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

77. Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, their reasonable attorney fees and costs, and any other relief that the Court deems proper.

**COUNT IV**
**Breach of Express Warranties**
**(On Behalf of the National Class and California Subclass)**

78. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

79. Plaintiff brings this claim individually and on behalf of the members of National Class and the California Subclass against Defendant.

80. Through the Product's labels and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class Members purchased the Product in reasonable reliance on

14
**CLASS ACTION COMPLAINT**

those statements.

81.     Plaintiff and the Class Members have privity of contract with Defendant through their purchase of the Product, and through the express warranties that Defendant issued to its customers. Defendant's warranties accompanied the Product and were intended to benefit end-users of the Product. To the extent that Plaintiff and/or the Class Members purchased the Product from third-party retailers, privity is not required because Plaintiff and the Class Members are intended third-party beneficiaries of the contracts between Defendant and third-party retailers, and because the express warranty is intended to benefit purchasers or owners subsequent to the third-party retailers. In other words, the contracts are intended to benefit the ultimate consumer or user of the Product.

82.     As a result of Defendant's breach of warranty, Plaintiffs and the Class Members have been damaged in the amount of the purchase price of the Products and any consequential damages resulting from the purchases.

### COUNT V
**Breach of Implied Warranty of Merchantability**
**(On Behalf of the National Class and California Subclass)**

83.     Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

84.     Plaintiff brings this claim individually and on behalf of the members of National Class and the California Subclass against Defendant.

85.     Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Product, made representations to Plaintiff and the Class Members.

86.     Plaintiff and the Class Members bought the Product manufactured, advertised, and sold by Defendant, as described herein.

87.     Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class Members, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

88.     Plaintiff and the Class Members purchased the Product manufactured and marketed

by Defendant by and through Defendant's authorized sellers for retail sale to consumers, or were otherwise expected to be the third-party beneficiaries of Defendant's contracts with authorized sellers, or eventual purchasers when bought from a third party. Defendant knew or had reason to know of the specific use for which the Product were purchased.

89. As an actual and proximate result of Defendant's conduct, Plaintiff and the Class Members did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the container or label of the Product nor are they fit for their ordinary purpose of providing the benefits as promised.

90. Plaintiff and the Class Members have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Product's purchase prices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered against Defendant as follows:

A. Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff as the class representative, and designating the undersigned as class counsel;

B. Enter an order awarding Plaintiff and the class members their actual damages, treble damages, and/or any other form of monetary relief provided by law, except that no monetary relief is presently sought for violations of the California Consumers Legal Remedies Act;

C. Declare that Defendant is financially responsible for notifying all Class members of the mislabeling and misbranding of the Product;

D. Declare that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Product, or order Defendant to make full restitution to Plaintiff and the members of the Class, except that no monetary relief is presently sought for violations of the California Consumers Legal Remedies Act;

E. Defendant shall audit and reassess all prior customer claims regarding the Product,

including claims previously denied in whole or in part;

F. An order awarding Plaintiff and the Classes pre-judgment and post-judgment interest as allowed under the law;

G. Grant reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action, including expert witness fees; and

H. Grant such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: March 23, 2021

Respectfully Submitted,

By: */s/* Trenton R. Kashima
Trenton R. Kashima (SBN 291405)
tkashima@sommerspc.com
**SOMMERS SCHWARTZ, P.C.**
402 West Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 762-2125
Facsimile:  (619) 762-2127

Kevin J. Stoops (SBN 332200)
kstoops@sommerspc.com
**SOMMERS SCHWARTZ, PC**
One Town Square, Suite 1700
Southfield, MI 48076
Telephone:  (248) 784-6613
Facsimile:   (248) 936-2143

Nick Suciu III*
**BARBAT MANSOUR SUCIU & TOMINA PLLC**
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Tel: 313-303-3472
nicksuciu@bmslawyers.com
*Pro Hac Vice Application Forthcoming*

*Counsel for Plaintiff
and the Putative Class*

17
**CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Vincenzza Bubak, declare as follows:

1.      I am the Plaintiff in the above titled action and I have personal knowledge of the facts set forth in this declaration.  If called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Eastern District of California.  I purchased Defendant's GOLO products in Valley Springs, California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Valley Springs, California this 23 day of March, 2021.

_____
Vincenzza Bubak