UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VINCENZZA BUBAK ,** | NO. **1:21−CV−00492−DAD−EPG** |
| Plaintiff(s), | |
| v. | <u>STANDING ORDER</u> |
| **GOLO, LLC ,** | |
| Defendant(s). | |

1. <u>LAW AND MOTION</u>

   A. <u>Calendar</u>

The civil law and motion calendar for Judge Drozd is held on the first and third Tuesday of every month commencing at 9:30 a.m. in Courtroom 5, located on the seventh floor. It is not necessary to clear a date prior to scheduling a civil law and motion matter for hearing. All motions shall be noticed for hearing. The parties may indicate in their papers if they wish to submit any motion for decision without oral argument. The court may elect to submit any motion for decision without oral argument and will so advise the parties by minute order in advance of any noticed hearing date. The parties are required to comply with Local Rule 230, or other applicable rules and notice requirements with respect to motions. Finally, telephonic appearances before Judge Drozd are encouraged and parties may do so by dialing 877−402−9757 (access code 6966236) at the time of the hearing. Because the court may be hearing other matters using the

same conference line, pelase wiat to state your appearance until your case has been called and appearances are requested.  Keep all background noise to a minimum.  At least 48 hours prior to the hearing you must email Courtroom Deputy Jami Thorp, at jthorp@caed.uscourts.gov, to advise the court you will be appearing telephonically.

     B.  <u>Briefing</u>

Unless prior leave of Court is obtained, all moving and opposition briefs or legal memorandum in civil cases shall not exceed 25 pages.  Reply briefs filed by moving parties shall not exceed 15 pages.  Only for good cause shown will the court grant an application to extend these page limitations.  Briefs that exceed the page limitations or are sought to be filed without leave of court may not be considered.  Finally, no supplemental briefs shall be filed without prior leave of court[1]

     C.  <u>Meet and Confer Requirement</u>

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre−filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution.  Counsel should resolve minor procedural or other non−substantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the court.  **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a very brief summary of meet and confer efforts.**

     2.  <u>ELECTRONIC FILING</u>

The United States District Court for the Eastern District of California requires electronic filing of documents in all new and pending civil cases in which parties are represented by counsel.  A party proceeding without counsel may request authorization to file electronically. Information about the court's Electronic Case Filing system ("ECF") is available on the court's website at www.caed.uscourts.gov/cmecf.  *See also* Local Rule 133.

All manually filed documents (those documents excused from the electronic filing requirements by the Local Rules) shall be served as otherwise required by the Federal Rules of Civil Procedure or Local Rule 133.

---

[2]  Font must be in Times New Roman and no less than 12.  Footnotes shall be in typeface no more than one size smaller than text size.

### 3. COURTESY COPIES

Counsel are ordered to deliver to the Clerk's Office clearly marked courtesy copies of all electronically filed documents that exceed twenty–five (25) pages, and conformed courtesy copies of all manually filed documents, by either personally delivering them or sending them by guaranteed overnight delivery. *See* Local Rule 133(f). The parties need not provide courtesy copies of answers or shorter pleadings. If a courtesy copy is sent by guaranteed overnight delivery, the sender shall notify the delivery service that the signature of the recipient is not required.

### 4. PROPOSED ORDERS

Judge Drozd does not require the parties to submit proposed orders with motions to dismiss or motions for summary judgment, but does require the parties to provide proposed consent decrees and proposed findings of fact. If the court does direct the filing of a proposed order, the party should submit it as required by Local Rule 137(b) and email it in Microsoft Word to dadorders@caed.uscourts.gov.

### 5. EX PARTE APPLICATIONS

Ex parte applications typically are not heard, but are submitted by the court unless otherwise notified. The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application in order to advise that such request is being made. In addition, the document(s) must indicate whether or not an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

### 6. TROs AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 230. The court typically will not rule on any application for such relief for at least twenty–four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy with chambers of all papers relating to proposed TROs and injunctions, conformed to reflect that they have been filed.

7. SEALING AND PROTECTIVE ORDERS

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Drozd, the request to seal or redact should be directed to him and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

8. FINAL PRETRIAL CONFERENCES

In those cases in which Judge Drozd is conducting the Final Pretrial Conference, the parties are required to submit a Joint Pretrial statement. That Joint Pretrial statement must be filed seven days before the Final Pretrial Conference hearing date and be e−mailed as a Word document to: dadorders@caed.uscourts.gov.

9. NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties.

DATED:   March 24, 2021

*Dale A. Drozd* (signature)

**DALE A. DROZD**
U.S. DISTRICT COURT JUDGE

4