1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   VINCENZZA BUBAK,                        No.  1:21-cv-00492-DAD-AC

12              Plaintiff,

13        v.                                 ORDER GRANTING MOTION FOR
                                             RECONSIDERATION, GRANTING
14   GOLO, LLC,                              DEFENDANT'S MOTION TO DISMISS
                                             PLAINTIFF'S REMAINING CLAIMS, AND
15              Defendant.                   DENYING DEFENDANT'S MOTION TO
                                             STAY AS HAVING BEEN RENDERED
16                                           MOOT

17                                           (Doc. Nos. 44, 45)

18

19        This matter is before the court on defendant's motion for reconsideration of the court's

20   order dated August 29, 2022 (Doc. No. 38) and defendant's motion to stay proceedings in this

21   case pending the court's resolution of the motion for reconsideration.  (Doc. Nos. 44, 45.)  On

22   October 24, 2023, defendant's motions were taken under submission to be decided on the papers.

23   (Doc. No. 64.)  For the reasons discussed below, the court will grant defendant's motion for

24   reconsideration of the undersigned August 29, 2022 order, grant defendant's motion to dismiss

25   plaintiff's sole remaining claims, and deny defendant's motion to stay this case as moot.

26                                   **BACKGROUND**

27        In the operative first amended complaint ("FAC"), plaintiff brings three state law

28   claims—violation of California's Unfair Competition Law ("UCL"), False Advertising Law

                                             1

1  ("FAL"), and Consumer Legal Remedies Act ("CLRA")—against defendant GOLO, LLC, a

2  dietary supplement distributor who allegedly misrepresented its "Release Supplement" product

3  ("Release").  (Doc. No. 17.)  In the FAC, plaintiff had asserted three theories of liability in

4  support of these claims:  (i) defendant makes implied disease claims without meeting the

5  premarket approval requirements of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C.

6  §§ 301, *et seq.*; (ii) defendant provides inadequate directions for use under an FDCA drug rule;

7  and (iii) defendant has an insufficient basis upon which to claim that Release is "clinically

8  proven."  (*Id.* at 3–7.)

9       On July 20, 2021, defendant filed a motion to dismiss all three claims under all three

10  theories.  (Doc. No. 18.)  Therein, defendant argued, *inter alia*, that plaintiff's claims under the

11  first theory—"implied disease claims"—are preempted as a matter of law by the FDCA.  (Doc.

12  No. 18-1 at 9.)

13       On August 29, 2022, the court issued an order granting in part and denying in part

14  defendant's motion to dismiss.[1]  (Doc. No. 38.)  Specifically, the court granted defendant's

15  motion as to plaintiff's claims under the second and third theories of liability but denied

16  defendant's motion to dismiss plaintiff's claims under the "implied disease claims" theory

17  because "plaintiff's UCL, FAL, and CLRA claims premised on alleged violations of California's

18  Sherman Law are not preempted by the FDCA."  (*Id.* at 16, 25.)  The court concluded that

19  plaintiff's state law claims were not preempted "[b]ecause plaintiff brings her claims under

20  California's Sherman Law, which parallels the federal law requirements and provides for private

21  /////

22  /////

23  /////

24

25  [1]  The court's August 29, 2022 order summarized the FAC's allegations, the parties' respective
arguments, and the FDCA and its regulations.  (Doc. No. 38 at 2–4, 6–16.)  Rather than repeat
26  that summary in this order, the court incorporates it by reference herein.  In addition, that order
also reassigned this case to a then-recently confirmed district judge.  (*Id.* at 36.)  On September
27  13, 2023, the case was again reassigned to a district judge sitting in the district's Sacramento
Courthouse.  (Doc. No. 60.)  On October 23, 2023, the case was reassigned to the undersigned,
28  now also sitting in Sacramento.  (Doc. No. 63.)

523b8a1539b56bb0

1   enforcement."[2]  (*Id.* at 13–14.)  The court explained that "[t]his conclusion is in line with the

2   generally accepted principle that a plaintiff bringing such a parallel state law claim must be suing

3   for conduct that violates the FDCA, but must not be suing *because* the conduct violates the

4   FDCA, as such a claim would be impliedly preempted under *Buckman Co. v. Plaintiff's Legal*

5   *Comm.*, 531 U.S. 341 (2001)."  (*Id.* at 14–15.)

6        On September 21, 2022, defendant filed the pending motion for reconsideration of the

7   part of the court's August 29, 2022 order that denied defendant's motion to dismiss plaintiff's

8   "implied disease claims" and rejected defendant's arguments that those claims are preempted by

9   the FDCA.  (Doc. No. 44.)  In the pending motion, defendant explains that it is moving "for

10  reconsideration because the Ninth Circuit's recent decision in *Nexus Pharmaceuticals, Inc. v.*

11  *Central Admixture Pharmacy Services, Inc.*, [48 F.4th 1040] (9th Cir. Sept. 13, 2022), decided

12  shortly after the Court's Order, provides an intervening clarification in the controlling law and

13  confirms that plaintiff's implied disease claim is preempted under the [FDCA] and should be

14  dismissed."  (*Id.* at 9.)  Defendant also requests in the alternative that if reconsideration is denied,

15  the court certify the August 29, 2022 for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

16  (*Id.*)

17        Also on September 21, 2022, defendant filed a motion to stay proceedings in this case

18  pending resolution of its motion for reconsideration.  (Doc. No. 45.)

19        On October 26, 2022, plaintiff filed oppositions to both pending motions.  (Doc. Nos. 53,

20  54.)  On November 7, 2022, defendant filed its replies thereto.  (Doc. Nos. 55, 56.)

21        On October 24, 2023, defendant filed a notice of supplemental authority to notify the

22  court of one Ninth Circuit decision and four California district court decisions, all of which cited

23  the *Nexus* opinion and dismissed state law claims as preempted by the FDCA.  (Doc. No. 65.)

24  /////

25  /////

26

27  [2]  As noted in the court's August 29, 2022 order, the Sherman Law incorporates the FDA
    regulations and adopts them as the law of California.  (Doc. No. 38 at 13) (citing Cal. Health &
    Safety Code § 110100(a) ("All food labeling regulations . . . adopted pursuant to the federal act . .
28  . shall be the food labeling regulations of this state.")).

1

**LEGAL STANDARD**

2      Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other

3   decision, however designated, that adjudicates fewer than all the claims . . . does not end the

4   action as to any of the claims . . . and may be revised at any time before the entry of a judgment

5   adjudicating all the claims . . . ."  Fed. R. Civ. P. 54(b).  In contrast, Rule 60(b) provides that

6   "[o]n motion and just terms, the court may relieve a party or its legal representative from a *final*

7   judgment, order, or proceeding," for certain reasons.  Fed. R. Civ. P. 60(b) (emphasis added).  In

8   its pending motion for reconsideration, defendant does not refer to any particular rule of the

9   Federal Rules of Civil Procedure under which it seeks reconsideration.  Because the court's

10  August 29, 2022 order granting in part and denying in part defendant's motion to dismiss

11  plaintiff's FAC is interlocutory and not final, Rule 54(b) provides the proper basis for possible

12  reconsideration of that order.

13      The Ninth Circuit has "long recognized 'the well-established rule that a district judge

14  always has power to modify or to overturn an interlocutory order or decision while it remains

15  interlocutory.'"  *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005)

16  (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City*

17  *of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As

18  long as a district court has jurisdiction over the case, then it possesses the inherent procedural

19  power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

20  sufficient.") (citation omitted).

21      "Reconsideration is appropriate if the district court (1) is presented with newly discovered

22  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

23  an intervening change in controlling law."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS,*

24  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration does not, however, give the

25  moving party a "second bite at the apple."  *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)

26  (citation omitted).

27      In addition, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration

28  of an order denying or granting a prior motion, a party must show "what new or different facts or

4

1   circumstances are claimed to exist which did not exist or were not shown" previously, "what

2   other grounds exist for the motion," and "why the facts or circumstances were not shown" at the

3   time the substance of the order which is objected to was considered.  L.R. 230(j).

4                                              **ANALYSIS**

5          In its motion for reconsideration, defendant argues that the Ninth Circuit's opinion in

6   *Nexus*, which was issued shortly after the court's August 29, 2022 order and thus "did not exist"

7   at the time this court decided defendant's motion to dismiss, compels dismissal of plaintiff's

8   implied disease claims.  (Doc. No. 44 at 15)  According to defendant, "*Nexus* has provided much

9   needed clarity on the question of implied preemption under the FDCA that had previously divided

10  district courts in the Ninth Circuit," and "*Nexus* confirms that the FDCA impliedly preempts a

11  state law claim where 'the purported state law violation is of a law that says in substance "comply

12  with the FDCA," not a traditional common law tort.'"  (*Id.*) (quoting *Nexus Pharms.*, 48 F.4th at

13  1050).  In its motion, defendant compares relevant portions of the court's August 29, 2022 order

14  to the *Nexus* opinion to show why the Ninth Circuit's opinion compels dismissal of plaintiff's

15  claims, which are "based on putative violation of the FDCA," and thus "fall squarely within the

16  category of claims deemed preempted in *Nexus*."  (*Id.* at 15–16.)

17         In opposing the pending motion for reconsideration, plaintiff contends that defendant

18  "seeks a second bite at the apple" by "incorrectly characteriz[ing] *Nexus* as 'intervening' case

19  law."  (Doc. No. 54 at 2, 3.)  According to plaintiff, "the principles set out in *Nexus* are neither

20  new nor intervening in this case" because "*Nexus* simply reiterates the precedent set out in

21  *Buckman* and *Perez v. Nidek Co. Ltd.*, 711 F.3d 1109, 1119 (9th Cir. 2013)," and this court

22  already addressed those decisions in its August 29, 2022 order.  (*Id.* at 3.)  Further, plaintiff

23  argues that *Nexus* is inapposite and inapplicable because that decision did not address the

24  Nutrition Labeling and Education Act ("NLEA") or its express preemption provision, and *Nexus*

25  is a "drug case" that involved alleged violations of state laws that "prohibit the sale of drugs not

26  approved by the FDA," not labeling requirements on dietary supplements.  (*Id.* at 6) (citing *Nexus*

27  *Pharms.*, 48 F.4th at 1044).

28  /////

1    In reply, defendant argues that plaintiff makes a false distinction between this case and the

2    *Nexus* "drug case" because plaintiff's theory, as alleged in her FAC, "is that because [defendant]

3    supposedly made improper disease claims, 'then the product was subject to regulation as a drug'

4    and the claims and the product 'required prior approval by the FDA.'" (*Id.* at 3) (quoting Doc.

5    No. 17 at ¶¶ 12–15). Defendant also counters that plaintiff's reliance on the NLEA's express

6    preemption provision is misplaced because plaintiff's claims are impliedly preempted by FDCA's

7    bar on private enforcement, 21 U.S.C. § 337(a), which "exists *despite* the fact that the state law

8    imposes requirements identical to federal law." (Doc. No. 55 at 4.)  That is, defendant contends

9    that *Nexus* stands for the following proposition:  "A state law 'that says in substance "comply

10   with the FDCA"' does not impose different requirements (and thus is not expressly preempted)—

11   but it is nonetheless *impliedly* preempted because of § 337's prohibition on private enforcement

12   of the FDCA." (*Id.*) (quoting *Nexus Pharms.*, 48 F.4th at 1050). Defendant asserts that the

13   holding in *Nexus*, which rests on § 337's bar on private enforcement of the FDCA, "applies—

14   regardless of the type of product or theory—whenever the plaintiff's state law claim would

15   'amount to litigation of the alleged underlying FDCA violation.'" (Doc. No. 55 at 4) (quoting

16   *Nexus Pharms.*, 48 F.4th at 1049).  In short, defendant asserts that "*Nexus* make inescapable that

17   implied preemption—that is, § 337's prohibition on private enforcement—bars *state law claims*

18   that allege violation of *state law* when the 'purported *state law* violation is of a law that says in

19   substance "comply with the FDCA," not a traditional common law tort.'" (*Id.* at 5) (quoting

20   *Nexus Pharms.*, 48 F.4th at 1050).

21   As a preliminary matter, the court finds that the Ninth Circuit's opinion in *Nexus*

22   constitutes an "intervening change in controlling law" that warrants the court's reconsideration of

23   its August 29, 2022 order. *Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263.  Indeed, the

24   court acknowledged in its August 29, 2022 order "that other district courts have reached a

25   different outcome in addressing this preemption issue." (Doc. No. 38 at 15.)  Recently, in *Nexus*,

26   the Ninth Circuit reached a different conclusion as well, and whether the undersigned finds the

27   *Nexus* opinion to be persuasive or not is irrelevant—this court is bound by Ninth Circuit

28   precedent.

1    The crux of the court's conclusion in its August 29, 2022 order that plaintiff's UCL,

2  CLRA, and FAL claims were not preempted was that plaintiff here alleges that defendant's

3  implied disease claims on the Release product were unlawful in that they violated *both* the FDCA

4  and the parallel California Sherman Law.  (*Id.* at 14.)  The court reasoned that plaintiff is not

5  suing defendant only because the implied disease claims violate the FDCA; rather, plaintiff is

6  suing defendant because those implied disease claims also violate the Sherman Law.  (*Id.* at 14–

7  15.)  The undersigned concluded that plaintiff "is seeking to enforce state law parallel to the

8  FDCA, not only the FDCA itself."  (*Id.* at 16.)  As reflected in the several decisions cited by the

9  court in the August 29, 2022 order, many courts had applied the same reasoning in finding that

10  state law claims predicated on a violation of the Sherman Law were not preempted by the FDCA.

11  (*Id.* at 13–15.)

12    The court must now reconsider its prior conclusions and reasoning in light of the Ninth

13  Circuit opinion in *Nexus*.  In *Nexus*, the Ninth Circuit addressed preemption "in the context of

14  pharmaceutical compounding and the FDA's exclusive authority to enforce violations of the

15  [FDCA]," though the Ninth Circuit panel did not limit its holding to that context.  *Nexus Pharms.*,

16  48 F.4th at 1041.  The plaintiff in *Nexus* brought claims alleging that the defendant violated the

17  laws of several states, including California, "all of which prohibit the sale of drugs not approved

18  by the FDA;" the plaintiff did "not allege any claim that does not rest upon a violation of the

19  FDCA."  *Id.* at 1044.  The Ninth Circuit emphasized in its decision that the plaintiff "relies on a

20  state statute which itself relies on the federal statute, not traditional state tort law theory."  *Id.* at

21  1046–48.  For that reason, the plaintiff's claims "amount[ed] to litigation of the alleged

22  underlying FDCA violation even though the FDA has not itself concluded that there was a

23  violation," and such claims ran afoul of the FDCA's bar on private enforcement.  *Id.* at 1049.

24  The Ninth Circuit panel in *Nexus* concluded that "[t]he prohibition of private enforcement applies

25  squarely, as does 'implied preemption,'" to bar the plaintiff's state law claims because "[t]he

26  purported state law violation is of a law that says in substance 'comply with the FDCA,' not a

27  traditional common law tort."  *Id.* at 1050.

28  /////

7

1    As defendant has pointed out, over the past several months, a few district courts have cited

2    the decision in *Nexus* and dismissed UCL claims as preempted based on that decision.  *See*

3    *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 2919318, at *4 (S.D.

4    Cal. Apr. 12, 2023) (noting that "the Ninth Circuit recently held that the FDCA preempts state

5    law claims that seek to privately enforce the FDCA" and "if an FDCA violation is integral to

6    plaintiff's UCL claim, then the FDCA's prohibition on private enforcement preempts the claim");

7    *Telebrands Corp. v. Luminas Int'l LLC*, No. 3:22-cv-00891-RSH-WVG, 2023 WL 6370902, at

8    *4 (S.D. Cal. July 12, 2023) (dismissing the plaintiff's UCL claim without leave to amend

9    because plaintiff alleged "that defendants violated both the FDCA and California's Sherman Law,

10   which is itself premised on a violation of the FDCA" and "[l]itigation of [the plaintiff's] claims

11   would require litigation of whether defendants violated the FDCA"); *Wilson v. ColourPop*

12   *Cosms., LLC*, No. 22-cv-05198-TLT, 2023 WL 6787986, at *8 (N.D. Cal. Sept. 7, 2023)

13   (dismissing the plaintiff's state law claims as impliedly preempted even though "the FDCA is not

14   mentioned once in the second amended complaint" because "plaintiff's claims, in substance,

15   nevertheless seek to enforce the FDCA by holding Defendant liable for its alleged use of Harmful

16   Ingredients which are not approved by the FDA for use in the eye area").

17       Here, all of plaintiff's "implied disease" claims are based on purported violations of

18   California law that parallels the FDCA—that is, state law "that says in substance 'comply with

19   the FDCA.'"  *See id*.  Plaintiff is not asserting any traditional common law tort claims in this case.

20   Accordingly, based on the opinion in *Nexus*, which is binding precedent which this court must

21   apply, the court reluctantly concludes that plaintiff's implied disease claims are impliedly

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

1   preempted and barred by the FDCA's bar against private enforcement.[3]  Thus, having

2   reconsidered its August 29, 2022 order in light of the *Nexus* decision, the court will grant

3   defendant's motion to dismiss plaintiff's implied disease claims, without leave to amend.

4   Further, because plaintiff's implied disease claims are the only claims remaining in this case, the

5   court will also dismiss this action.

6                                            **CONCLUSION**

7          For the reasons set forth above:

8          1.      Defendant's motion for reconsideration of the court's order dated August 29, 2022

9                  (Doc. No. 44) is granted;

10         2.      Plaintiff's remaining claims are preempted and defendant's motion to dismiss

11                 those claims on that basis (Doc. No. 18) is granted;

12         3.      Defendant's motion to stay proceedings in this case (Doc. No. 45) is denied as

13                 having been rendered moot by this order;

14         4.      This is action is dismissed; and

15         5.      The Clerk of the Court is directed to close this case.

16         IT IS SO ORDERED.

17   Dated:    **January 5, 2024**                    _Dale A. Drozd_____

18                                                    DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE
19

---

20   [3]  The undersigned pauses to note that the court's reluctance in this regard stems from the fact that
     the *Nexus* decision does not discuss or acknowledge California's Sherman Law, or the impact that
21   its holding would have on cases like this one and those cited in this court's August 29, 2022
     order, in which a plaintiff asserts state law claims predicated on violations of California's
22   Sherman Law, which parallels the FDCA (as amended by the NLEA).  This is troubling because
     several district courts have found that such claims are *not* preempted, (*see* Doc. No. 9, 14–16)
23   (citing cases), and the panel's decision in *Nexus* does not address the reasoning provided in those
     courts' orders.  Moreover, the Ninth Circuit's decision in *Nexus* leaves unanswered a number of
24   questions that arise in light of its holding, including primarily, what would be the point of a state
     legislature passing a state law that is identical to a federal law if there can be no private right of
25   action under that state law?  More specifically to this case, what would be the point of
     California's Sherman Law, which adopts FDCA regulations as its own, if any claims asserting a
26   violation of *the Sherman Law* will be deemed preempted and barred by § 337's bar on private
     enforcement *of the FDCA?* Perhaps these and other questions will be addressed by the Ninth
27   Circuit in a future opinion.

28

                                                  9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28